STATE OF WEST VIRGINIA

**FILED**
March 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WENDELL ADAMS,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0875** (BOR Appeal No. 2046806)
(Claim No. 2007006172)

**GUYAN MACHINERY REBUILDERS,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Wendell Adams, by John Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Guyan Machinery Rebuilders, by Alyssa Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 29, 2012, in which the Board affirmed a January 9, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 5, 2010, decision awarding the petitioner an additional 8% permanent partial disability award for a total award of 16% permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Adams was working as a laborer when he discovered that the chemicals he was exposed to were causing a rash on his right hand. The rash got progressively worse to the point that he was no longer able to work. His claim was held compensable for contact dermatitis and contracture of a joint in the hand. Mr. Adams was awarded 6% permanent partial disability for his injury. On August 5, 2010, the claims administrator awarded him an additional 8% impairment for a total award of 16% permanent partial disability.

1

Mr. Adams was evaluated by four different physicians in order to determine the amount of permanent partial disability that resulted from the compensable injury. In 2008, Bruce Guberman, M.D., found that Mr. Adams suffered from 6% whole person impairment. In 2009, Victor Poletajev, D.C., determined that Mr. Adams suffered from 51% upper extremity impairment for loss of range of motion and 20% upper extremity impairment for loss of grip strength. He combined these percentages using the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th Edition, 1993), and determined that Mr. Adams suffered from a total of 37% whole person impairment. In 2010, Rakesh Wahi, M.D., found that Mr. Adams had sustained 17% whole person impairment. Rebecca Thaxton, M.D., reviewed Dr. Wahi's evaluation and determined that he incorrectly added rather than combined the range of motion measurements as is required by the American Medical Association's *Guides*. She determined that Mr. Adams actually suffered from 16% whole person impairment. In 2011, Chuangang Jin, M.D., found that Mr. Adams had 10% whole person impairment from his compensable injury. She explained that different impairment ratings by different physicians was normal, because ranges of motion could vary from day to day. However, it was Dr. Jin's opinion that Dr. Poletajev's recommendation was incorrect, because he incorrectly calculated loss of grip strength into his evaluation. He also incorrectly determined that Mr. Adams suffered from sensory loss, a condition that is not supported by the medical evidence.

The Office of Judges affirmed the decision of the claims administrator in its January 9, 2012, Order.  The Office of Judges found that the Administrative Law Judge in a previous case on the same claim found that Dr. Poletajev's recommendation of 37% whole person impairment was not credible. The Administrative Law Judge in that case noted that the impairment was greater than the percentage Mr. Adams would receive if all four of his fingers had been amputated. The Office of Judges concluded that Dr. Thaxton was correct that whole person impairment is to be determined by combining the range of motion measurements. The Office of Judges found that Dr. Wahi incorrectly added his range of motion measurements rather than combining them using the American Medical Association's *Guides*. The Office of Judges concluded that the evaluation was otherwise properly performed and demonstrated that Mr. Adams sustained 16% whole person impairment. It therefore held that he was entitled to an additional 8% whole person impairment for a total award of 16% permanent partial disability.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its June 29, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Mr. Adams was evaluated by four physicians, three of whom recommended impairment ratings ranging from 6% to 17%. Dr. Poletajev's recommendation of 37% impairment is far outside of the reasonable range of impairment for the compensable injury. The evidence of record indicates that Dr. Wahi's evaluation was properly performed but incorrectly calculated. The Board of Review was therefore correct in its determination that Mr. Adams should receive an additional 8% impairment for a total award of 16% permanent partial disability.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II